lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 02-40098-03-JAR |
| TRISTAN MITCHELL, ) | |
| Defendant. ) | |

## MEMORANDUM ORDER AND OPINION DENYING MOTION FOR NEW TRIAL

This matter is before the Court on the following pro se motions filed by defendant Tristan Mitchell: Motion for New Trial (Doc. 274); Motion to Join Co-Defendant Cordell Nichols' Motion for New Trial (Doc. 275); Motion to Join Co-Defendant Cordell Nichols' Exhibits in Support of New Trial (Doc. 276); and Motion to Produce All Legal Documents from Counsel Kay Huff (Doc. 282). For the reasons discussed in detail below, the Court will grant defendant's request to join in co-defendant's motions, but ultimately denies defendant's motion for a new trial.

### *Background*

On June 9, 2003, defendant was found guilty on Count 2 of the Superceding Indictment, possession with intent to distribute approximately 4.6 kilograms of heroin. Defendant was acquitted on Count 1, conspiracy to possess heroin with intent to distribute. Co-defendant Cordell Nichols was found guilty of both counts; co-defendant Kristin White was acquitted on both counts. Defendant was sentenced to 168 months imprisonment. He directly appealed his

conviction, arguing that the Court erred in denying his motion to suppress evidence seized in a traffic stop and that there was insufficient evidence to support the jury's verdict. On July 8, 2004, the Tenth Circuit affirmed defendant's conviction.[1] The United States Supreme Court subsequently denied his petition for writ of certiorari on November 15, 2004.[2]

Co-defendant Nichols also appealed his conviction, which was affirmed by the Tenth Circuit on July 6, 2004.[3] The United States Supreme Court granted Nichols' petition for writ of certiorari, however, and summarily reversed and remanded the Tenth Circuit's decision for further consideration in light of *United States v. Booker*.[4] Nichols' case was then remanded for resentencing.[5]

On June 24, 2005, defendant filed the instant Motion for New Trial. Co-defendant Nichols also filed a Motion for New Trial (Doc. 268), and both defendants joined in each other's motions. On March 27, 2006, this Court resentenced Nichols and denied his motion for new trial (Doc. 289).

*Discussion*

Fed. R. Crim. P. 33 authorizes a district court to grant a new trial if the interests of justice require one.[6] A motion for new trial grounded on newly discovered evidence must be filed

---

[1] *United States v. Mitchell*, 106 Fed. App'x 5 (10th Cir. 2004), *cert. denied*, 543 U.S. 992 (Nov. 15, 2004).

[2] *Id.*

[3] *United States v. Nichols*, 374 F.3d 959 (10th Cir. 2004), *cert. granted, judgment vacated by Nichols v. United States*, 543 U.S. 1113 (Jan. 24, 2005).

[4] 543 U.S. 220 (2005).

[5] *United States v. Nichols*, 410 F.3d 1186 (10th Cir. 2005).

[6] *United States v. LaVallee*, 439 F.3d 670, 700 (10th Cir. 2006) (citation omitted).

within three years after the verdict; a motion filed on any other grounds must be filed within seven days of the verdict.[7] To the extent defendant's motion is grounded on several reasons other than newly discovered evidence, it is untimely.[8] Defendant's motion does include a claim of newly discovered evidence, however, that allegedly shows that prosecution witness Trooper Weigel did not investigate other accidents on the day of the traffic stop that initiated charges in this case. This, defendant argues, calls Trooper Weigel's veracity into serious question. Defendant also argues that Trooper Weigel was not trained to use a stopwatch to evaluate whether someone is following another vehicle too closely, apparently contending that this is also new evidence that challenges Trooper Weigel's testimony.

At the outset, the Court notes that defendant's arguments concerning Trooper Weigel closely mirror those of co-defendant Nichols, which the Court dismissed as without merit (Doc. 289). Nevertheless, the Court will address defendant's arguments afresh, as he was not present at Nichols' resentencing or privy to the order the Court subsequently entered.

The court applies a five-part test to determine whether newly discovered evidence warrants a new trial.[9] The defendant must show: (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by defendant's own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably

---

[7] Fed. R. Crim. P. 33(b)(1), (2).

[8] These arguments include allegations of ineffective assistance of counsel, violation of the confrontation clause, errors in the suppression hearing ruling, improper admission of evidence of a prior criminal offense, and that the Court lacked jurisdiction over an offense that transpired in another state (Doc. 274).

[9] *United States v. Quintanilla*, 193 F.2d 1139, 1147 (10th Cir. 1999).

produce an acquittal.[10] The evidence offered by defendant is, at best, merely impeaching. The Court previously heard testimony from Trooper Weigel at the suppression hearing, and issued an order denying defendants' motions to suppress (Doc. 157). There is no question that Trooper Weigel's traffic stop of defendant was valid, as determined by the Tenth Circuit.[11] At most, defendant's new evidence could only be used to attack Trooper Weigel's recollection of what he was doing in an unrelated matter *before* he initiated defendants' traffic stop, not the reason *why* he initiated the stop. Trooper Weigel was subject to impeachment during cross-examination by defense counsel, who attacked his veracity and promoted defendants' claim of an improper stop based on racial profiling. Certainly, the new evidence would not produce an acquittal.

Nor is the Court persuaded by defendant's claim that this information about Trooper Weigel was withheld from him by the government in violation of *Brady*.[12] In order to establish a *Brady* violation, a defendant must demonstrate that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material.[13] As discussed above, the newly discovered evidence noted by defendant is simply insufficient to constitute material evidence, as the Court is convinced that there is no reasonable probability that this evidence would have affected the outcome of his trial.[14] There is no *Brady* violation.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motions to join

---

[10]*Id.*

[11]*United States v. Nichols*, 374 F.3d 959 (10th Cir. 2004), *cert. granted, judgment vacated by Nichols v. United States*, 543 U.S. 1113 (Jan. 24, 2005); *United States v. Mitchell*, 106 Fed. App'x 5 (10th Cir. 2004), *cert. denied*, 543 U.S. 992 (Nov. 15, 2004).

[12]*Brady v. Maryland*, 373 U.S. 83 (1963).

[13]*United States v. Combs*, 267 F.3d 1167, 1172 (10th Cir. 2001).

[14]*United States v. Hughes*, 33 F.3d 1248, 1251 (10th Cir. 1994).

co-defendant's motion for new trial and evidence in support (Docs. 275, 276) are granted; defendant's motion for new trial (Doc. 274) and motion to produce legal documents (Doc. 282) are DENIED.

    IT IS SO ORDERED.

    Dated this  23rd  day of October 2006.

                                      S/ Julie A. Robinson
                                       Julie A. Robinson
                                       United States District Judge