lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  02-40098-JAR** |
| | ) | **Case No.  07-4080-JAR** |
| **TRISTAN T. MITCHELL,** | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On May 24, 2007, this Court entered an order (Doc. 315) construing petitioner Tristan

Mitchell's motion pursuant to Fed. R. Civ. P. 60(b)(5) and (6) as a motion under § 2255, which

was overruled as untimely.  This matter is now before the Court on petitioner's motion to vacate

his sentence pursuant to 28 U.S.C. § 2255 (Doc. 322).  Petitioner's motion was preceded by a

motion seeking leave to file his § 2255 motion out of time, which asserts that he is entitled to

equitable tolling of the statute of limitations (Doc. 317), as well as a request for appointment of

counsel.

As set forth in detail in the Court's previous order, petitioner was convicted of possession

with intent to distribute heroin and sentenced to 168 months' imprisonment.  On July 8, 2004,

the Tenth Circuit affirmed petitioner's conviction, and the Supreme Court denied his petition for

writ of certiorari on November 15, 2004.[1]  Petitioner filed his Rule 60(b) motion on April 30,

_____

[1]*United States v. Mitchell*, 106 Fed. App'x 5 (10th Cir. 2004), *cert. denied*, 543 U.S. 992 (Nov. 15, 2004).

2007, asserting that the judgment should be vacated because his sentence, which was imposed pre-*Booker*, is now unconstitutional and that *Booker* should be applied retroactively.  The Court construed petitioner's motion as a motion for relief under § 2255[2], determined that the one-year limitations period for filing the petitioner's § 2255 petition expired on November 15, 2005[3], and denied the motion as untimely.[4]

Petitioner followed with the pending § 2255 motion, which was filed on November 2, 2007.  Petitioner asserts that this Court erred in its understanding of the law regarding the Sentencing Guidelines as being mandatory or advisory, that the detention of the vehicle in which he was a passenger extended beyond permissible limits, and that counsel failed to raise the *Terry* stop issue.[5]  Petitioner essentially concedes that his motion is untimely, but attempts to excuse his untimely filing based on various outbreaks and riots that occurred at his detention facility at FCI-Victorville, which resulted in a series of lock-downs during which time petitioner claims he was without access to the law library or legal materials, the phone, a typewriter or copy machines.[6]

Because the Court previously construed petitioner's Rule 60(b) motion as a § 2255

---

[2]The Court previously noted that, as a general rule, before a court can recharacterize a *pro se* document as a § 2255 motion, it will provide defendant an opportunity to withdraw the motion or to supplement it.  *See Castro v. United States*, 540 U.S. 375, 383 (2003).  Where the motion is untimely, however, defendant is not prejudiced by lack of such notice. *United States v. Harper*, No. 06-2137, 2006 WL 3222301, at *1 (10th Cir. Nov. 8, 2006); *United States v. Williams*, No. 03-20147-01-KHV, 2007 WL 38080, *1 n.3 (D. Kan. Jan. 4, 2007).

[3]The Court found that, because petitioner filed a direct appeal, his conviction became final on November 15, 2004, when the Supreme Court denied his petition for certiorari.

[4]The Court explained that, although the Supreme Court had yet to reach a decision on the issue of retroactivity of *Booker*, if it should do so in the future, petitioner might have grounds to assert a § 2255 motion under subsection (3) of § 2255.

[5](Doc. 322.)

[6](Doc. 317.)

motion, which it overruled and dismissed as untimely, petitioner's pending motion is a second or successive motion under § 2255, and must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[7]

Under 28 U.S.C. § 2244(b)(3), an applicant shall move the appropriate court of appeals for an order authorizing the district court to consider a second or successive application for relief under § 2255.[8]  The record shows petitioner did not obtain authorization from the Tenth Circuit Court of Appeals to file this successive § 2255 motion.  Thus, this Court has no jurisdiction to consider the merits[9], including the issue of equitable tolling.[10]  When an applicant files a successive § 2255 motion without first seeking the required authorization, the district court must transfer the motion to the appellate court in the interest of justice pursuant to 28 U.S.C. § 1631.[11]

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's successive motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 322) be transferred to the Tenth Circuit Court of

---

[7]28 U.S.C. § 2255 para. 8.

[8]*See Leonard v. United States*, 383 F.3d 1146, 1147 (10th Cir. 2004).

[9]*See United States v. Avila-Avila*, 132 F.3d 1347, 1348-49 (10th Cir. 1997).

[10]*See United States v. Verners*, 15 Fed. App'x 657, 660, 2001 WL 811719, at *2 (10th Cir. July 17, 2001) ("the question of equitable tolling is ripe for adjudication only when a § 2255 motion has actually been filed and the statute of limitations period has been raised by the respondent or the court *sua sponte*.).

[11]*Coleman v. United States*, 106 F.3d 399, 341 (10th Cir. 1997).

Appeals pursuant to 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward a copy of

petitioner's motions (Docs. 317 and 322) and this order to the Clerk of the Tenth Circuit Court of

Appeals for processing under 28 U.S.C. § 2244(b)(3).

IT IS SO ORDERED.

Dated this __13th__ day of November, 2007.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge