lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | Case No. 07-4080-JAR |
| ) | Case No. 02-40098-JAR |
| TRISTAN T. MITCHELL, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Tristan T. Mitchell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (Docs. 317, 322). Mitchell also seeks leave to amend and supplement his motion (Docs. 353, 360, 375) and join all motions filed by co-defendant Cordell Nichols in his separate § 2255 proceedings.[1] The government has responded (Doc. 377) and Mitchell has filed a traverse (Doc. 383). After a careful review of the record and the arguments presented, the Court denies Mitchell's original motion without further evidentiary hearing, denies his motions to amend and dismisses his amended motions for lack of jurisdiction.

**I.**  **Legal Standards**

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

---

[1]*See* Doc. 350.

sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[2] Petitioner must allege facts which, if proven, would warrant relief from his conviction or sentence.[3] An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[4]

Finally, Mitchell appears *pro se*. Therefore, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[5] If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a

---

[2] 28 U.S.C. § 2255(b)

[3] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996).

[4] *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Hatch*, 58 F.3d at 1471 ("the allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

failure to cite proper legal authority or follow normal pleading requirements.[6]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[7]  For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[8]

## II. Statement of the Case and Procedural Background

On June 9, 2003, Mitchell was convicted by a jury of one count of possession with intent to distribute approximately 4.6 kilograms of heroin, in violation of 21 U.S.C. § 841(a)(1); Mitchell was acquitted on Count 1, conspiracy to possess heroin with intent to distribute.[9]  Co-defendant Cordell Nichols was found guilty on both counts; co-defendant Kristin White was acquitted on both counts.[10]  On September 8, 2003, this Court sentenced him to 168 months' imprisonment.[11]  Mitchell filed a direct appeal of his conviction, arguing that (1) this Court erred in denying his motion to suppress, and (2) insufficient evidence existed to support his conviction.[12]  The Tenth Circuit affirmed his conviction on July 8, 2004.[13]  Mitchell appealed this affirmance to the United States Supreme Court, which denied his petition for certiorari on

---

[6]*Id*.

[7]*Id*.

[8]*See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[9](Doc. 192.)

[10](Docs. 190, 191.)

[11](Doc. 281.)

[12]*See United States v. Mitchell*, 106 F. App'x 5 (10th Cir. 2004).

[13]*Id*.

3

November 15, 2004.[14]

On June 24, 2005, Mitchell filed a Motion for New Trial.[15] This Court granted Mitchell's request to join in similar motions filed by co-defendant Nichols, but denied his motion for new trial.[16] Specifically, the Court found that Mitchell's arguments with respect to newly discovered evidence concerning Trooper Weigel closely mirrored those of Nichols, and rejected Mitchell's claim that this evidence would have produced an acquittal or was withheld in violation of *Brady*.[17]

Mitchell then filed a Motion Pursuant to Fed. R. Civ. P. 60(b)(5) and (6),[18] asserting that the judgment of conviction should be vacated because his sentence, which was imposed pre-*Booker*, was now unconstitutional and that *Booker* should be applied retroactively. This Court construed Mitchell's Rule 60(b) motion as a motion filed under § 2255 and overruled as untimely.[19] Although the Court recognized that before it can recharacterize a *pro se* document as a § 2255 motion, it should provide the defendant an opportunity to withdraw or supplement the motion, it did not do so in this case because the motion was untimely.[20]

On June 25, 2007, Mitchell filed a motion styled "Motion to Proceed with Filing § 2255 Petition to Vacate, Set-Aside, or Correct Sentence under Rule 9 for Tolling of Time (Equitable)

---

[14]*See* Doc. 261.

[15](Doc. 274.)

[16](Doc. 304.)

[17]*Id*.

[18](Doc. 314.)

[19](Doc. 315.)

[20]*Id*. at 3 n.6 (citations omitted).

4

and to Request Appointment of Counsel to File said Motion."[21]  On November 2, 2007, he filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[22]  This Court construed Mitchell's motion as a second or successive motion under § 2255, and transferred the motion to the Tenth Circuit Court of Appeals.[23]  The Tenth Circuit granted Mitchell's motion for remand on the grounds that his § 2255 motion did not constitute a second or successive motion, since this Court did not notify Mitchell of its intent to recharacterize his Rule 60(b) motion.[24]  Thus, Mitchell's Motion filed November 2, 2007, was remanded to this Court for consideration.

Mitchell then proceeded to file a series of motions relating to the instant proceedings: Motion for Leave to Proceed with Original 2255 Petition;[25] two Motions for Leave to Amend Pursuant to Federal Rules of Civil Procedure Rule (c) [sic];[26] Motion for Joinder Pursuant to Fed. R. Civ. P. 19(a);[27] Motion for Leave to Supplement;[28] Motion for Leave to Join All Motions of Cordell Nichols;[29] Motion for Summary Judgment;[30] and Motion for Evidentiary Hearing.[31]  The

---

[21](Doc. 317.)

[22](Doc. 322.)

[23](Doc. 323.)

[24](Doc. 341.)

[25](Doc. 330.)

[26](Docs. 353, 360.)

[27](Doc. 359.)

[28](Doc. 375.)

[29](Doc. 380.)

[30](Doc. 381.)

[31](Doc. 382.)

Court ordered the government to respond to Mitchell's § 2255, and Mitchell has replied.

## III. Discussion

### A. Statute of Limitations

The Court first addresses the government's argument that Mitchell's motion should be dismissed because he filed it outside of the applicable statute of limitations. A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief.[32] This statute provides that a defendant has one year from the date his judgment of conviction became final to file his § 2255 motion.[33] In this case, Mitchell's judgment of conviction became final on November 15, 2004, when the Supreme Court denied his petition for certiorari seeking to appeal the Tenth Circuit's affirmance of his sentence.[34] Thus, for Mitchell's petition to be considered timely filed, it must have been filed by November 15, 2005.

The Tenth Circuit remanded Mitchell's November 2, 2007 motion to this Court for consideration. The earliest date Mitchell can be deemed to have filed his § 2255 claim is June 25, 2007, when he filed his Motion to Proceed with Filing § 2255 Petition to Vacate, Set-Aside, or Correct Sentence under Rule 9 for Tolling of Time (Equitable) and to Request Appointment of Counsel to File said Motion.[35] Either way, his § 2255 motion is untimely under the AEDPA.

---

[32]*See* 28 U.S.C. § 2255, ¶ 6.

[33]*Id.* at ¶ 6(1).

[34]*See United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000) (holding "a judgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal, regardless of whether a petition for rehearing from the denial of certiorari is filed").

[35](Doc. 317.)

6

Mitchell recognizes that his § 2255 motion is untimely, but asserts that he is entitled to equitable tolling of the statute because of various circumstances related to his custodial situation:

> The Petitioner is aware of his time limit to file his § 2255 motion but was unaware of the proper filings and procedures to file said Motion. Numerous letters and correspondence was [sic] sent to Counsel of Record to obtain transcripts, paperwork, documents, etc., to help with research and filing. Due to various lock-down situations that occurred at this Facility, there was no access to the law library, no access to legal materials, no access to personal legal paperwork (Counselors in each Unit store inmates individual legal work in storage rooms), no access to the phone, no access to a typewriter, no access to copy machines, etc.
>
> Under Rule 9, the Petitioner respectfully requests that this Honorable Court GRANT the Petitioner a tolling of time and allow the Petitioner to submit his § 2255 Motion to Vacate, Set-Aside, or Correct Sentence.[36]

The Court finds these circumstances are insufficient to warrant equitable tolling of the statute under Tenth Circuit precedent. As the court explained,

> AEDPA's one-year statute of limitations is subject to equitable tolling but only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998), when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990). Simple excusable neglect is not sufficient. *Id.* at 96, 111 S. Ct. 453. Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling. *Miller*, 141

---

[36]*Id.* at 2.

F.3d at 978.[37]

In order to invoke equitable tolling, Mitchell must show that he both diligently pursued his claims and that he was frustrated in meeting the limitations period by exceptional and extraordinary circumstances beyond his control.[38] Mitchell does not sustain his burden to show either. For example, he states that he sent numerous letters and correspondence to his counsel, but does not otherwise explain what responses he received as a result of those inquiries, or whether those responses were unsatisfactory. In any event, because he does not he allege that his counsel acted negligently or egregiously, his counsel's conduct does not warrant equitable tolling in this case.[39]

Likewise, Mitchell's claim that he lacked access to legal material does not warrant equitable tolling. At the earliest, Mitchell filed his § 2255 motion approximately eighteen months out of time. As the government points out, although Mitchell asserts that his access to legal materials was hindered "[d]ue to various lock-down situations that occurred at this facility,"[40] he does not explain whether the lock-down situations hindered his access for the full eighteen months or for a few weeks. Unless Mitchell was locked down for the greater part of his first year in custody, he cannot make the case that his custodial situation hindered his access to

---

[37] *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

[38] *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (stating that equitable tolling is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

[39] *See*, *e.g.*, *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007) (holding that although "egregious attorney misconduct may constitute extraordinary circumstances that justify equitable tolling," "attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures" (quotation omitted)).

[40] (Doc. 347 at 2.)

8

legal materials. Accordingly, he does not explain how such lack of access hindered his ability to file a timely habeas petition, and this Court denies his request for equitable tolling on this basis as well.[41] Further, because "an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence," Mitchell's cursory statements, devoid of specific factual support, regarding his inability to timely file completely fail to satisfy his burden.[42]

Even assuming that Mitchell's original § 2255 motion was timely, the Court would nonetheless find that the record conclusively demonstrates that he is not entitled to relief. In his original motion, Mitchell claims that his counsel provided ineffective assistance for failure to raise a *Terry* stop issue and for failure to argue his sentence was unconstitutional. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."[43] A successful claim of ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v. Washington*.[44] First, a defendant must show that his counsel's performance was deficient in that it "fell below an objective standard of reasonableness."[45] To meet this first prong, a defendant must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent

---

[41] *See, e.g.*, *Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) (holding that petitioner's "claim is insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition" and therefore is not entitled to statutory tolling); *United States v. Martinez*, 303 F. App'x 590, 596 (10th Cir. 2008) ("Mr. Martinez has not provided this Court with specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion" and therefore is not entitled to equitable tolling).

[42] *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

[43] U.S. Const. amend. VI; *Kansas v. Ventris*, — U.S.—, 129 S. Ct. 1841 (2009).

[44] 466 U.S. 668 (1984).

[45] *Id*. at 688.

9

assistance."⁴⁶  This standard is "highly demanding."⁴⁷  Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."⁴⁸  In all events, judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."⁴⁹  Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error; "every effort should be made to 'eliminate the distorting effects of hindsight.'"⁵⁰

Second, a defendant must also show that his counsel's deficient performance actually prejudiced his defense.⁵¹  To prevail on this prong, a defendant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."⁵²  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."⁵³  This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding

---

⁴⁶*Id*. at 690.

⁴⁷*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

⁴⁸*Fox v.Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted).

⁴⁹*Strickland*, 466 U.S. at 689.

⁵⁰*Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

⁵¹*Strickland*, 466 U.S. at 687.

⁵²*Id*. at 694.

⁵³*Id*.

10

fundamentally unfair."[54] A defendant must demonstrate both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[55]

### *Terry Stop*

Mitchell argues his counsel was ineffective for failing to raise a *Terry* stop issue at the suppression hearing. Specifically, he argues that his Fourth Amendment rights were violated when the detention extended beyond the completion of the officer's computer check and he was free to go. This claim is without merit.

Mitchell and his co-defendants filed several motions to suppress, alleging the traffic stop was unreasonable under the Fourth Amendment.[56] After an evidentiary hearing, the Court denied the defendants' motions on several grounds, including a finding that Trooper Weigel obtained voluntary and uncoerced consent from White to search the vehicle after issuing a warning and telling defendants they were free to go.[57] The Tenth Circuit rejected Mitchell's Fourth Amendment claim without discussion, citing its previous ruling in Nichols' appeal upholding the reasonableness of the traffic stop.[58] In Nichols' appeal, the Tenth Circuit found neither the Kansas nor St. Louis traffic stops exceeded the permissible scope of detention under

---

[54]*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[55]*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000) (quoting *Strickland*, 466 U.S. at 697) ("The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'"); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

[56](Docs. 26, 58, 119, 121.)

[57](Doc. 157 at 7.)

[58]*United States v. Mitchell*, 106 F. App'x 5, 6 (10th Cir. 2004).

*Terry*.[59] Thus, this issue was raised pretrial, and the Tenth Circuit affirmed both defendants' Fourth Amendment challenges. Mitchell has failed to satisfy either prong under *Strickland*.

### *Unconstitutional Sentence*

Mitchell argues that counsel was ineffective because she failed to argue his sentence was unconstitutional and the Court did not correct any potential errors in its understanding of the law with respect to the Sentencing Guidelines being mandatory or advisory. Although Mitchell does not fully articulate the basis of this claim, it appears he is arguing that *Booker* should be applied retroactively to cases such as his, where the criminal case became final before *Booker*'s effective date of January 12, 2005, and where the defendant raises Fifth Amendment concerns in his § 2255 motion. The Tenth Circuit has held, however, that *Booker* does not apply retroactively to any collateral proceedings.[60] Thus, Mitchell was properly sentenced under the then-mandatory provisions of the Sentencing Guidelines, and he has failed to establish either prong under *Strickland*.[61]

### B. Motions to Amend

On November 7, 2008, and again on January 15, 2009, Mitchell moved to amend his motion to assert claims of ineffective assistance of counsel that mirrored the claims of Nichols in his § 2255 motion, and are based in large part on what he characterizes as newly discovered

---

[59]*United States v. Nichols*, 374 F.3d 959, 954-65 (10th Cir. 2004) (citing *Terry v. Ohio*, 392 U.S. 1, 19-20 (1968)).

[60]*United States v. Bellamy*, 411 F.3d 1182, 1186 (2005) (joining other circuits that conclude that *Booker* does not apply retroactively to initial habeas petitions); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (*Booker* may not be applied retroactively to second or successive habeas petitions).

[61]In sentencing Mitchell to 168 months' imprisonment, the Court noted he had asked for a reduction in sentence due to his youth and troubled childhood, which the Court indicated were not permissible factors for departure from the sentencing range. The Court also declined to enhance Mitchell's sentence, as requested by the government, and sentenced him to the low end of the guideline range. (Doc. 314, Ex. A.)

evidence. These motions were filed long after the one-year period of limitations under § 2255 expired.. As the Supreme Court has explained, under Fed. R. Civ. P. 15, a habeas petitioner may amend his motion to add claims after the statute of limitations has expired, but those additional claims will not "relate back" if they did not arise out of the "conduct, transaction, or occurrence" set forth in his original timely filed motion.[62] Because Mitchell's original motion was untimely, however, any amendment to that motion is also untimely. Moreover, even if Mitchell's original motion is saved by equitable tolling, the amended claims are factually and legally unrelated to the claims in the original motion, and thus the amendments could not relate back to the original filing date under Rule 15(c) and are untimely.[63] Thus, Mitchell's motions to amend are denied.

### C. Second or Successive Motion

Because Mitchell is precluded from amending his § 2255 motion, this Court must treat his amended motions as a second or successive § 2255 motion.[64] Because this second or successive claim under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court should determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[65] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not

---

[62]*Mayle v. Felix*, 545 U.S. 644, 654-64 (2005); *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000).

[63]*Espinoza-Saenz*, 235 F.3d at 505 (stating that an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory may be permissible, but only if the proposed amendment does not seek to add a new claim or insert a new theory into the case).

[64]*See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006); United *States v. Romero*, 12 F. App'x 751, 754 (10th Cir. 2001) (citing *Espinoza-Saenz*, 235 F.3d at 503).

[65]*See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

in the interest of justice to transfer the matter to this court for authorization."[66]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.[67] Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[68] A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of the two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[69] Finally, because this is a successive § 2255 motion, the one-year statute of limitations begins running from the date on which the facts supporting his claims presented could have been discovered through the exercise of due diligence.[70]

Mitchell raises several claims in his amended motions that mirror those raised by co-

---

[66]*Id.*

[67]*Id.* at 1252-53.

[68]*Id.* at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

[69]*United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

[70]28 U.S.C. § 2255(f).

defendant Nichols.[71] Specifically, Mitchell argues his counsel was ineffective for 1) failure to investigate facts of the Kansas traffic stop with respect to impeaching information about Trooper Weigel; 2) failure to interview or subpoena Nichols' girlfriend, Shaneice Sanders, or informant Damon Campbell; and 3) prosecutorial misconduct resulting in a *Brady* violation with respect to Trooper Weigel's testimony. Mitchell also joins in all of the additional claims raised by Nichols. None of these arguments merits a second or successive § 2255 motion. The Court has already considered and rejected these claims in its Memorandum and Order denying Nichols' § 2255 motion.[72] The Court finds that Mitchell's amended motions should be dismissed for lack of jurisdiction because they are a second or successive § 2255 motion and the interests of justice do not require this Court to transfer Mitchell's motion to the Tenth Circuit. Mitchell does not assert any claim that meets the requirements of § 2255(h) for filing a second or successive § 2255 motion, and there is no possibility that a meritorious claim will be lost absent transfer of his motion to the Tenth Circuit.

**IV. Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[73] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional

---

[71]*See* Doc. 350.

[72](Doc. 387.)

[73]28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

15

claims debatable or wrong."[74] Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[75] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[76] For the reasons detailed in this Memorandum and Order, Mitchell has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling denying his original § 2255 motion and dismissing his amended § 2255 motions for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Mitchell's Motions for Leave to Amend (Docs. 353, 360) are DENIED;

**IT IS FURTHER ORDERED** that Mitchell's amended § 2255 motions are unauthorized second or successive § 2255 motions that are dismissed for lack of jurisdiction;

**IT IS FURTHER ORDERED** that Mitchell's Motion for Leave to Proceed With Original § 2255 (Doc. 330) is GRANTED, and his original motion to vacate pursuant to 28 U.S.C. § 2255 (Docs. 317, 322) is DENIED; Mitchell is also denied a COA;

**IT IS FURTHER ORDERED** that Mitchell's Motion for Summary Judgment (Doc. 381) and Motion for Evidentiary Hearing (Doc. 382) are DENIED.

**IT IS SO ORDERED.**

Dated: October 31, 2010

                                                S/ Julie A. Robinson

---

[74]*Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[75]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[76]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE